374

## HERSHBERGER, etc. et al., v. OHIO AVIATION BOARD.

Common Pleas Court, Franklin County.

No. 176856.   Decided July 22, 1949.

Flynn, Py & Kruse, Sandusky, Adams, Rapp & McCann, Columbus, for appellants.

Herbert S. Duffy, Atty. Genl., Joseph F. Ford, Asst. Atty. Genl., Geraldine Larkin, Toledo, for the appellee.

### OPINION

By GESSAMAN, J.

This is an appeal from an order of the Aviation Board in which the board approved the application of the Village of Kelleys Island for a certificate for an airport for commercial purposes and granted said certificate. The appellants, Milton Hershberger and Air Tours, Inc., of which Mr. Hershberger is president, were and are the only objectors to the issuance of the certificate. Mr. Hershberger owns and operates an airport only a few hundred feet south of the Village Airport.

The jurisdiction and authority of this court in an appeal of this nature is defined by the Administrative Procedure Act, specifically §154-73 GC, as interpreted by the Supreme Court in the recent case of **Farrand v. State Medical Board, 151 Oh St, 222, 39 O. O. 41.** If there was any doubt before, it was settled by that decision that

"The court may not substitute its judgment for that of the agency but is confined to determining the rights of the parties in accordance with the statutes and other law applicable." (Syl. 1).

Furthermore, that case has established the fact that the right of a party to an administrative proceeding has been limited on appeal, by the General Assembly to a

"* * * review of the administrative procedure to ascertain whether the rights of the parties have been determined by the administrative agency in accordance with the statutes. appropriate to the proceeding before the administrative tribunal."

With these limitations in mind, the court has carefully read the 513 pages of the transcript of the testimony and the numerous exhibits that were admitted at the two day hearing before the board. While it is true that there is conflicting testimony as to the need for a municipal commercial airport on the Island and while it is also true that there is conflicting testimony as to whether a hazardous condition will result by the close proximity of the two airports, it is nevertheless. true that there is ample evidence to warrant the board in reaching the conclusion which it announced. Therefore, we find no abuse of discretion on the part of the board. Furthermore, the record discloses that the rights of the parties were determined by the board in accordance with the appropriate statutes.

It is urged by counsel for the appellants that there is no evidence to the effect that the Village Council authorized the filing of the application. The board found that the application was regular on its face and expressed the opinion that if there was no legislation authorizing the application, in that event "any interested party had an available remedy in the courts."

It is true that the applicant did not offer any resolution or ordinance of council authorizing the filing of the application. Nevertheless, no authority has been cited to the effect that such authorization must be proved in connection with an application to an administrative body. The applicant did offer as witness the Mayor and four of the members of the Village Council, all of whom urged the granting of the certificate. It offered, and the board admitted, an ordinance,. Number 73, of the Village Council (Applicant's Exhibit 35)·

in which the deed for the land in question was accepted and the property therein described was dedicated "to be used for a Village Airport and for no other purpose." It also offered, and the board admitted, Exhibit No. 30, which was a resolution of the council urging the "Ohio Aviation Board to approve its application for certification for commercial operation for the Kelleys Island Municipal Airport." Under such circumstances, and in the absence of a finding to the contrary by a court of competent jurisdiction, we are of the opinion that the board was justified in assuming that authority existed for the filing of the application.

It should be observed that the Clerk of the Council testified that the resolution above referred to was not "posted" in any manner. We are of the opinion that the fact alone need not alter the board's assumption.

It is the opinion of the court that the order of the Aviation Board should be and, therefore, is affirmed.

If a motion for a new trial is filed, the same may be considered as overruled.